*receipt Cy-60 17*

United States Courts
Southern District of Texas
F I L E D

MAY 0 3 2024

Nathan Ochsner, Clerk of Court

# UNITED STATES DISTRICT COURT

## for the SOUTHERN DISTRICT of TEXAS

|  |  |  |
|---|---|---|
| Travis Alford | § | Case No. 4:24cv1679 |
| Plaintiff | § | |
|  | § | |
| v. | § | Jury Trial Requested |
|  | § | |
| State of Texas by way of | § | |
| Ken Paxton Texas Attorney General | § | |
| and | § | |
| Texas Board of Law Examiners | § | |
| Defendants | § | |

## COMPLAINT FOR A CIVIL CASE

### PLAINTIFF'S ORIGINAL PETITION, REQUESTS FOR DISCLOSURE, REQUEST FOR DECLARATORY JUDGMENT, REQUEST FOR INJUNCTIVE RELIEF and REQUESTS FOR DAMAGES

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Travis Alford ("PLAINTIFF") and files this original petition, requests for disclosure, requests for declaratory relief, requests for injunctive relief, and requests for damages against Defendant state of Texas through the state's Attorney General Ken Paxton ("STATE"), and Defendant Texas Board of Law Examiners ("BOARD") collectively ("DEFENDANTS").

At issue are DEFENDANTS violations of PLAINTIFFS right to redress a grievance in Texas state court and DEFENDANTS interference with PLAINTIFFS contract with the United States Department of Education.

DEFENDANTS' actions have blocked PLAINTIFF from working serving the public as an Attorney causing actual, consequential, and punitive damages by using a void bar exam.

### A. Introduction

1.    DEFENDANT STATE has forced PLAINTIFF to file petition in Federal Court by creating a partial checks and balance system in the State of Texas allowing its Supreme Court to defend its own rules about the issuing of law licenses.

Page 1 of 14

2.      PLAINTIFF files this suit against DEFENDANTS because DEFENDANTS have interfered with PLAINTIFFS contract with the United States Department of Education failing PLAINTIFF to the bar of Texas using test questions which substance does not reflect the law of any jurisdiction, some subjects tested on the multiple choice questions have limited relevance to the actual practice of law, DEFENDANTS use questions that do not test the applicant's readiness to practice law, and DEFENDANTS use questions that may work to the detriment of certain demographic groups who may perform better on other kinds of exams which caused PLAINTIFF to fail the Texas bar exam interfering with PLAINITFFS contract with the United States Department of Education.

3.      PLAINTIFF asks the Court to declare that PLAINTIFF was forced to file petition in Federal Court because DEFENDANTS created a partial checks and balance system in the state of Texas.

4.      PLAINTIFF asks the Court for a permanent injunction of the Texas bar exam; and asks the Court to order the DEFENDANTS to issue a law license to PLAINTIFF under a new American Bar Association ("ABA") law school diploma privilege standard in the state of Texas because the wrongs alleged are continuing at the present time.

5.      PLAINTIFF asks the Court for damages because DEFENDANTS have caused contract repayment forbearance, postponement of repayment, actual damages, consequential damages and punitive damages.

6.      No more Doctor of Jurisprudence recipients should have their lives harmed by DEFENDANTS who fail applicants to the bar of Texas interfering with the applicants United States Government student loan contracts by using exam questions the substance of which does not reflect the law of any jurisdiction, DEFENDANTS should not be allowed to use question subjects that have limited relevance to the actual practice of law, fail to test an applicant's readiness to practice law, and DEFENDANTS should not be allowed to use questions that might work to the detriment of certain demographic groups who may perform better on other kinds of exams.

## B. Parties

*PLAINTIFF*

7.      Travis Alford may be served with process at Northwest Registered Agent LLC Attn: Travis Alford 5900 Balcones Dr. STE 100 Austin, Texas 78731. alfordtravis@outlook.com

*DEFENDANT*

8.     Texas Board of Law Examiners may be served with process at 205 West 14th St. STE 500 Austin, Texas 78701. *Fed. R. Civ. P. 4.b.1.*

9.     State of Texas through Ken Paxton Attorney General may be served with process at the Office of the Attorney General of Texas 300 West 15th St. Austin, Texas 78701. *Fed. R. Civ. P. 4.b.1.*

## C. Discovery Control Plan

10.    PLAINTIFF intends to conduct discovery under Rule 26 of the Federal Rules of Civil Procedure. *Fed. R. Civ. P. 26.*

## D. Jurisdiction and Venue

11.    Court has jurisdiction because PLAINTIFF is suing for violation of the U.S. Constitution and Federal stare decisis. *28 U.S.C. §1331.* PLAINTIFF seeks declaratory judgment pursuant to *28 U.S.C. §2201.* PLAINTIFF seeks injunction of the Texas Bar Exam pursuant to *Fed. R. Civ. P. 65.* PLAINTIFF has suffered actual, consequential, and irreparable harm and asks the court for damages pursuant to *28 U.S.C. §1331.*

## E. Facts

### Texas Bar Exam

12.    On July 28, 29, 30 2015; February 23, 24, 25 2016; July 26, 27, 28 2016; February 21, 22, 23 2017 and July 25, 26, 27 2017 PLAINTIFF took the Texas Bar Exam five times after graduating from an ABA Law School in Texas.

13.    After each bar exam, PLAINTIFF was notified by DEFENDANTS that PLAINTIFF failed the test therefore DEFENDANTS would not issue PLAINTIFF a law license.

14.    After PLAINTIFFS fifth attempt and failure at the exam, DEFENDANTS sent PLAINTIFF a letter stating PLAINTIFF could not take the test again unless a showing of good cause thereby stopping PLAINTIFF from earning a living as an Attorney.

15.    PLAINTIFF paid DEFENDANTS approximately $2160.00 in expenses to apply and sit for the bar exam five times.

16.    PLAINTIFF borrowed $218,772.00 from the U.S. Department of Education to pay for his undergraduate and legal education but was never allowed to practice law in the profession under which PLAINTIFF was trained because DEFENDANTS failed PLAINTIFF to the bar using an exam that does not test PLAINTIFFS readiness to practice law.

17.   DEFENDANT STATE makes several million dollars a year through DEFENDANT
      BOARD of Law Examiners who fail applicants to the state bar using test questions which
      subjects have limited relevance to the actual practice of law.

18.   DEFENDANT STATE earns approximately $250 billion dollars a year and does not take
      the time to ensure practice ready skills are being tested to the states bar causing irreparable
      harm to Doctor of Jurisprudence recipients in the state of Texas.

19.   DEFENDANTS did change the exam to the Uniform Bar Exam ("UBE") in 2021 after
      ordering a Task Force on the Texas Bar exam ("Task Force"), but the UBE contains the
      same flawed questions as before the change. *See Exhibit 1 attached to Complaint.*

20.   DEFENDANTS created the Task Force in 2016 who then submitted the First Interim
      Report on May 31, 2017 to the Supreme Court of Texas and a Final Report in 2018 which
      explained the need to develop better measures of lawyer competence. *See Stephen M.
      Sheppard, et. Al. Task Force on the Texas Bar Examination at 8 (2018).*

21.   The Task Force had serious reservations about the relevance of the Multistate Bar Exam
      ("MBE") ((multiple choice section)): the Task Force questioned the value of the MBE in
      testing an examinees readiness to practice law.  The Task Force expressed a concern that
      placing greater reliance on multiple-choice questions might work to the detriment of certain
      demographic groups who may perform better on other kinds of exams. *See Stephen M.
      Sheppard, et. Al. Task Force on the Texas Bar Examination at 8 (2018).*

22.   The Task Force also expressed their concern that the substance of the MBE, in some cases,
      does not reflect the law of any jurisdiction, or that some of the subjects tested on the MBE
      will have limited relevance to the actual practice of law. *Id.*

23.   Prior to 2016 the MBE multiple choice section counted for 40% of the bar exam.

24.   After the Task Force warned of its serious reservations about the MBE, DEFENDANTS
      ordered greater weight to the MBE at 50% of the exam.

25.   DEFENDANTS are knowingly using bar exam questions the substance of which does not
      reflect the law of any jurisdiction, use question subjects that have limited relevance to the
      actual practice of law, fail to test an applicant's readiness to practice law, and
      DEFENDANTS use questions that might work to the detriment of certain demographic
      groups who may perform better on other kinds of exams but knowingly continue to use
      these questions failing applicants to the bar causing irreparable harm to their lives and
      potential law careers.

26.   PLAINTIFF committed eight years of unwavering educational dedication towards
      becoming an Attorney only to be failed by DEFENDANTS five times on the states bar
      exam using questions that do not test an applicant's readiness to practice law.

27.   In total, through law school and five bar examinations PLAINTIFF had given approximately 6905 hours of rigorous legal study and law clerking ultimately graduating law school with a B- Grade Point Average then was not allowed to practice law and repay his debts because DEFENDANTS failed PLAINTIFF to the bar using a void exam.

## F. State Action

28.   DEFENDANTS actions barring PLAINTIFF of his law license by failing PLAINTIFF on the Texas bar exam have caused substantial economic injury to PLAINTIFF.

29.   DEFENDANTS have caused imminent and irreparable harm to PLAINTIFFS professional career – lost professional opportunity.

30.   DEFENDANTS are substantially deviating from rules and codes governing the licensing of new lawyers in the State of Texas.

31.   DEFENDANTS have no compelling governmental interest to test to a state bar because the state has already qualified the legal knowledge requirement in that to sit for the bar exam a prospective examinee must have graduated from an American Bar Association ("ABA") approved law school. *See Tex. Rules Govern Bar Adm'n Rule 3.*

32.   DEFENDANTS are presently requiring Doctor of Jurisprudence recipients to take a void bar exam to practice law in the state of Texas.

33.   DEFENDANTS have interfered with PLAINTIFFS contract with the United States Department of Education (Nelnet) by failing PLAINTIFF to the bar; Nelnet is a student loan servicing company for the United States Department of Education.

34.   DEFENDANTS are knowingly using bar exam questions the substance of which does not reflect the law of any jurisdiction, use question subjects that have limited relevance to the actual practice of law, fail to test an applicant's readiness to practice law, and DEFENDANTS use questions that might work to the detriment of certain demographic groups who may perform better on other kinds of exams and continue to use these questions failing applicants to the bar causing irreparable harm to their lives.

35.   DEFENDANT STATE of Texas makes several million dollars a year through DEFENDANT BOARD who then fail applicants to the state bar using test questions inapplicable to test the applicant's readiness to practice law.

36.   DEFENDANT STATE makes approximately $250 billion dollars a year and allows its Board of Law Examiners to fail applicants to its bar using a void exam.

37.    All Doctor of Jurisprudence recipients deserve an opportunity to practice law and serve the public free from unreasonable governmental interference by DEFENDANTS who are testing applicants to the state bar of Texas by using exam questions that are not narrowly tailored to serve a compelling state interest because the substance of the questions do not reflect the law of any jurisdiction, use question subjects that have limited relevance to the actual practice of law, fail to test an applicant's readiness to practice law, and DEFENDANTS use questions that might work to the detriment of certain demographic groups who may perform better on other kinds of exams.

G. Lawsuits

38.    ACTION I

39.    U.S. Constitution 1st Amendment Violation

40.    for UNFAIR and PARTIAL REDRESS OF GRIEVANCE IN STATE COURT

41.    PLAINTIFF hereby incorporates the allegations set forth above all of which are fully re-alleged here.

42.    *"Congress shall make no law respecting an establishment of religion or prohibiting the free exercise thereof; or abridging the freedom of speech or of the press; or of the right of the people peaceably to assemble, and to petition the government for a redress of grievances." U.S. Const. Amend. 1.*

43.    One of the rights secured under the Bill of Rights is the right of the people to petition the government for a redress of grievance.

44.    DEFENDANTS have violated PLAINTIFFS First Amendment protections under the Bill of Rights by taking control of the legal licensing requirements in the State of Texas denying PLAINITFF access to a fair trial in state court. *See Tex. Gov't Code, §82.004 Board Duties A, B, and C; See Tex. Gov't Code, sub. B §82.021, §82.022; See Tex. Rules Govern Bar Adm'n Rule 2 A 6 (Tex. 2022); See Tex. Rules Govern Bar Adm'n About the Texas Board of Law Examiners viz. "members of the board are responsible for grading the written portions of the exam".*

45.    DEFENDANT STATE gave sole power to the Supreme Court of Texas to issue law licenses in the state. *Tex. Gov't Code §82.021. Supreme Court Authority.*

46.    The Supreme Court of Texas will not issue PLAINTIFF a law license because the Court's agent BOARD of law examiners has failed PLAINTIFF to the bar of Texas.

47.    PLAINTIFF is suing DEFENDANT BOARD for testing PLAINTIFF to the bar using a void exam.

48.    DEFENDANT BOARD acts under the instruction of the Texas Supreme Court. *See Tex. Gov't Code, §82.004 Board Duties A, B and C.*

49.  DEFENDANT BOARD is an agent of the Texas Supreme Court. *See Tex. Rules Govern. Bar Adm'n "About the Texas Board of Law Examiners"*.

50.  Any grievance under petition in a Texas court of law at the DEFENDANT BOARD then goes to the DEFENDANTS principle Supreme Court of Texas. "No man can be the judge of his own case." *In re Murchison, 349 U.S. 136 (1955)*.

51.  This case creates an extraordinary set of circumstances which has caused a partial checks and balance system in the state of Texas effectively restricting PLAINTIFFS access to the state of Texas court because suit in that court is unfair and favors DEFENDANTS.

52.  Our system of law has always endeavored to prevent even the probability of unfairness. *In re Murchison, 349 U.S. 136 (1955)*.

53.  DEFENDANT BOARDS agency under the Texas Supreme Court creates an unconstitutional licensing scheme under the Bill of Rights to petition the government for a redress of grievance because suit in state court is partial and favors DEFENDANT.

54.              CLAIMS FOR RELIEF

55.  Pursuant to *28 U.S.C. §2201*, PLAINTIFF respectfully requests the Court enter a declaratory judgment under *Fed. R. Civ. P. 57* declaring that PLAINTIFF is forced to petition in Federal Court because a suit in State Court is partial and favors Texas.

56.  Pursuant to *28 U.S.C. §1331*, PLAINTIFF respectfully requests the Court enter an order that DEFENDANT issue a law license to PLAINTIFF to practice law in the state of Texas under an ABA approved law school diploma privilege because *See Tex. Gov't Code, §82.004 Board Duties A, B, and C*; *See Tex. Gov't Code, sub. B §82.021, §82.022; See Tex. Rules Govern Bar Adm'n Rule 2 A 6 (Tex. 2022); See Tex. Rules Govern Bar Adm'n About the Texas Board of Law Examiners viz. "members of the board are responsible for grading the written portions of the exam"* allow DEFENDANTS to control an unconstitutional licensing scheme.

57.  Pursuant to *28 U.S.C §2201*, PLAINTIFF respectfully requests the Court stay the administration of the Texas bar exam and order a permanent injunction on *See Tex. Gov't Code, §82.004 Board Duties A, B, and C; See Tex. Gov't Code, sub. B §82.021, §82.022; See Tex. Rules Govern Bar Adm'n Rule 2 A 6; See Tex. Rules Govern Bar Adm'n About the Texas Board of Law Examiners viz. "members of the board are responsible for grading the written portions of the exam"* because the wrongs alleged are continuing at the present time; and in replacement orders an ABA Law School diploma privilege licensing model for the State of Texas that includes a mandatory 2-semester practicum practice-ready requirement while in law school.

58. Pursuant to *28 U.S.C. §1331*, PLAINTIFF respectfully requests the Court order damages against DEFENDANT state of Texas for the PLAINTIFF because *See Tex. Gov't Code, §82.004 Board Duties A, B and C*; *See Tex. Gov't Code, sub. B §82.021, §82.022; See Tex. Rules Govern Bar Adm'n Rule 2 A 6; See Tex. Rules Govern Bar Adm'n About the Texas Board of Law Examiners viz. "members of the board are responsible for grading the written portions of the exam"* are unconstitutional when applied to PLAINTIFF.

59. Pursuant to *28 U.S.C. §1331*, PLAINTIFF respectfully requests the Court order punitive damages against DEFENDANT state of Texas for the PLAINTIFF because *See Tex. Gov't Code, §82.004 Board Duties A, B and C; See Tex. Gov't Code, sub. B §82.021, §82.022; See Tex. Rules Govern Bar Adm'n Rule 2 A 6; See Tex. Rules Govern Bar Adm'n About the Texas Board of Law Examiners viz. "members of the board are responsible for grading the written portions of the exam"* allow DEFENDANTS to control and strong arm an unconstitutional licensing scheme.

60.                                    ACTION II

61.                   U.S. Constitution 14th Amendment Violation

62.              for UNFAIR CONTROL OF THE LEGAL LICENSING
                 REQUIREMENTS IN THE STATE OF TEXAS

63. PLAINTIFF hereby incorporates the allegations set forth above all of which are fully re-alleged here.

64. *No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the law. U.S. Const. Amend. 14.*

65. A fair trial in a fair tribunal is a basic requirement of due process. *In re Murchison, 349 U.S. at 136 (1955).*

66. Fairness of course requires an absence of actual bias in the trial of cases. *Id.*

67. DEFENDANT BOARD acts under the instruction of the Texas Supreme Court. *See Tex. Gov't Code, §82.004 Board Duties A, B and C.*

68. The Supreme Court of Texas' agent, DEFENDANT BOARD, is being sued by the PLAINTIFF.

69. Justice must satisfy the appearance of justice. *In re Murchison, 349 U.S. at 136 (1955).*

70. Any grievance under petition in the Texas court of law at the DEFENDANT BOARD then goes to the DEFENDANTS principle Supreme Court of Texas. "No man can be the judge of his own case." *Id.*

71. This licensing scheme is a violation of PLAINTIFFS due process of law under the 14th Amendment to the United States Constitution because it effectively restricts PLAINITFFS access to a fair Court in the State of Texas because suit in state Court favors DEFENDANTS.

72. Our system of law has always endeavored to prevent even the probability of unfairness. *In re Murchison, 349 U.S. 136 (1955).*

73. This case creates an extraordinary set of circumstances because the Texas Supreme Court took control of the legal licensing requirements in the state of Texas thus creating a partial checks and balance system in the state to hear petitions filed at DEFENDANTS. *See Tex. Gov't Code, §82.004 Board Duties A, B, and C; See Tex. Gov't Code, sub. B §82.021, §82.022; See Tex. Rules Govern Bar Adm'n Rule 2 A 6; See Tex. Rules Govern Bar Adm'n About the Texas Board of Law Examiners viz. "members of the board are responsible for grading the written portions of the exam".*

74. DEFENDANT BOARD is an agent of the Texas Supreme Court. *See Tex. Rules Govern. Bar Adm'n "About the Texas Board of Law Examiner".*

75. The fact that the Texas Supreme Courts agent DEFENDANT BOARD is being sued by the PLAINTIFF creates an unfair court of law in the state of Texas for the PLAINTIFF therefore DEFENDANTS have forced PLAINTIFF to sue in Federal Court.

76. DEFENDANTS have violated PLAINTIFFS 14th Amendment due process protections by controlling an unfair licensing scheme that forces PLAINTIFF to sue in Federal Court.

77.                                    CLAIMS FOR RELIEF

78. Pursuant to *28 U.S.C. §2201,* PLAINTIFF respectfully requests the Court enter a declaratory judgment under *Fed. R. Civ. P. 57* declaring that PLAINTIFF is forced to petition in Federal Court because a suit in State Court is partial and favors Texas.

79. Pursuant to *28 U.S.C. §1331,* PLAINTIFF respectfully requests the Court enter an order that DEFENDANT issue a law license to PLAINTIFF to practice law in the state of Texas under an ABA approved law school diploma privilege because *See Tex. Gov't Code, §82.004 Board Duties A, B, and C; See Tex. Gov't Code, sub. B §82.021, §82.022; See Tex. Rules Govern Bar Adm'n Rule 2 A 6; See Tex. Rules Govern Bar Adm'n About the Texas Board of Law Examiners viz. "members of the board are responsible for grading the written portions of the exam"* allow DEFENDANTS to control an unconstitutional licensing scheme.

80. Pursuant to *28 U.S.C §2201*, PLAINTIFF respectfully requests the Court stay the administration of the Texas bar exam and order a permanent injunction on *See Tex. Gov't Code, §82.004 Board Duties A, B and C; See Tex. Gov't Code, sub. B §82.021, §82.022; See Tex. Rules Govern Bar Adm'n Rule 2 A 6; See Tex. Rules Govern Bar Adm'n About the Texas Board of Law Examiners viz. "members of the board are responsible for grading the written portions of the exam"* because the wrongs alleged are continuing at the present time; and in replacement orders an ABA Law School diploma privilege licensing model for the State of Texas that includes a mandatory 2-semester practicum practice-ready requirement while in law school.

81. Pursuant to *28 U.S.C. §1331*, PLAINTIFF respectfully requests the Court order damages against DEFENDANT state of Texas for the PLAINTIFF because *See Tex. Gov't Code, §82.004 Board Duties A, B and C; See Tex. Gov't Code, sub. B §82.021, §82.022; See Tex. Rules Govern Bar Adm'n Rule 2 A 6; See Tex. Rules Govern Bar Adm'n About the Texas Board of Law Examiners viz. "members of the board are responsible for grading the written portions of the exam"* are unconstitutional when applied to PLAINTIFF.

82. Pursuant to *28 U.S.C. §1331*, PLAINTIFF respectfully requests the Court order punitive damages against DEFENDANT state of Texas for the PLAINTIFF because *See Tex. Gov't Code, §82.004 Board Duties A, B and C; See Tex. Gov't Code, sub. B §82.021, §82.022; See Tex. Rules Govern Bar Adm'n Rule 2 A 6; See Tex. Rules Govern Bar Adm'n About the Texas Board of Law Examiners viz. "members of the board are responsible for grading the written portions of the exam"* allow DEFENDANTS to control and strong arm an unconstitutional licensing scheme.

83.                                        ACTION III

84.            INTENTIONAL INTERFERENCE WITH CONTRACT RELATIONS

85. PLAINTIFF hereby incorporates the allegations set forth above all of which are fully re-alleged here.

86. At issue is that DEFENDANTS have interfered with PLAINTIFFS student loan contract with the United States Department of Education by failing PLAINTIFF to the bar of Texas.

87. *To prevail on a claim for intentional interference with contractual relations, the Plaintiff must show that: (1) there was an enforceable contract; (2) the Defendant was aware of that contract; (3) the Defendant intentionally and unjustifiably induced a breach of the contract; (4) breach resulted from Defendants wrongful conduct, and (5) the Plaintiff has been damaged. Marathon Fin. Ins. v. Ford Motor, 591, F.3d, 466 (5th Cir. 2009).*

88. PLAINTIFF has a contract with the U.S. Department of Education Nelnet that DEFENDANTS unreasonably interfered with when DEFENDANTS failed PLAINTIFF to the bar of Texas.

89.  DEFENDANTS knowingly and unjustifiably interfered with PLAINTIFFS contract using test questions that do not reflect the law of any jurisdiction and some subjects tested on the MBE have limited relevance to the actual practice of law, some questions fail to test an examinees readiness to practice law and DEFENDANTS use questions that may work to the detriment of certain demographic groups who may perform better on other kinds of exams. *Stephen M. Sheppard, et al. Task Force on the Texas Bar Examination (2018).*

90.  DEFENDANTS induced contract forbearance and postponement of repayment of PLAINTIFFS contract with the United States Department of Education by using a void exam.

91.  DEFENDANTS' interference with PLAINTIFFS contract has caused PLAINTIFF direct and consequential money damages.

92.  DEFENDANT STATE makes several million dollars a year through DEFENDANT BOARD who fail applicants to the state bar using a void exam interfering with the examinee's student loan contract with The United States Department of Education.

93.  DEFENDANT STATE makes approximately $250 billion dollars a year and allows its Board of Law Examiners to fail applicants to its bar using a void exam.

94.  In 2023 DEFENDANTS failed approximately 1500 applicants to the state bar of Texas by using a void exam unreasonably interfering with existing contracts to repay student loans with the United States Department of Education.

95.  DEFENDANTS are presently requiring applicants to take an exam that includes questions which do not reflect the law of any jurisdiction and have knowledge that some subjects tested on the bar exam have limited relevance to the actual practice of law, limited relevance to the applicant's readiness to practice law, and use questions that might work to the detriment of certain demographic groups who perform better on other kinds of exams interfering with PLAINTIFFS contract with the United States Department of Education. *See Stephen M. Sheppard, et. Al. Task Force on the Texas Bar Examination at 8 (2018).*

96.                                      CLAIMS FOR RELIEF

97.  Pursuant to *28 U.S.C. §2201,* PLAINTIFF respectfully requests the Court enter a declaratory judgment under *Fed. R. Civ. P. 57* declaring that PLAINTIFF is forced to petition in Federal Court because a suit in State Court is partial and favors Texas.

98.    Pursuant to *28 U.S.C §2201*, PLAINTIFF respectfully requests the Court stay the administration of the Texas bar exam and order a permanent injunction on *See Tex. Gov't Code, §82.004 Board Duties A, B and C; See Tex. Gov't Code, sub. B §82.021, §82.022; See Tex. Rules Govern Bar Adm'n Rule 2 A 6; See Tex. Rules Govern Bar Adm'n About the Texas Board of Law Examiners viz. "members of the board are responsible for grading the written portions of the exam"* because the wrongs alleged are continuing at the present time; and in replacement orders an ABA Law School diploma privilege licensing model for the State of Texas that includes a mandatory 2-semester practicum practice-ready requirement.

99.    Pursuant to *28 U.S.C. §1331*, PLAINTIFF respectfully requests the Court enter an order that DEFENDANT STATE of Texas issue a law license to PLAINTIFF to practice law in the state of Texas under an ABA approved law school diploma privilege because *See Tex. Gov't Code, §82.004 Board Duties A, B and C; See Tex. Gov't Code, sub. B §82.021, §82.022; See Tex. Rules Govern Bar Adm'n Rule 2 A 6; See Tex. Rules Govern Bar Adm'n About the Texas Board of Law Examiners viz. "members of the board are responsible for grading the written portions of the exam"* allow DEFENDANTS an unjustified interference of PLAINTIFFS contract with the United States Department of Education.

100.   Pursuant to *28 U.S.C. §1331*, PLAINTIFF respectfully requests the Court order damages against DEFENDANT state of Texas for the PLAINTIFF because *See Tex. Gov't Code, §82.004 Board Duties A, B and C; See Tex. Gov't Code, sub. B §82.021, §82.022; See Tex. Rules Govern Bar Adm'n Rule 2 A 6; See Tex. Rules Govern Bar Adm'n About the Texas Board of Law Examiners viz. "members of the board are responsible for grading the written portions of the exam"* allow DEFENDANTS an unjustified interference with PLAINTIFFS student loan contract with the United States Department of Education which has caused actual damages, consequential damages, punitive damages, and all other damages to which PLAINTIFF is entitled.

101.   Pursuant to *28 U.S.C. §1331*, PLAINTIFF respectfully requests the Court order punitive damages against DEFENDANT state of Texas for the PLAINTIFF because DEFENDANTS are knowingly using bar exam questions that some of the Task Force Members have serious reservations about because some questions do not reflect the law of any jurisdiction; that some subjects tested on the bar exam have limited relevance to the actual practice of law; limited relevance to the applicant's readiness to practice law; and DEFENDANTS are knowingly using questions that might work to the detriment of certain demographic groups who may perform better on other kinds of exams and continue to fail applicants to the bar using an arbitrary and defective exam interfering with PLAINTIFFS United States Department of Education student loan contract.

102.                                  H. Request for Temporary Injunction

103.    PLAINTIFF asks the Court to set his application for temporary injunction for a hearing
        and, after the hearing, issue a permanent injunction against DEFENDANT to stop
        administering the Texas Bar Exam in the future and abolish the states requirement of the
        exam *Fed. R. Civ. P. 65.* If PLAINTIFFS application is not granted harm is imminent
        because the wrongs alleged are continuing at the present time.

104.                                  I.  Request for a Jury Trial

105.    PLAINTIFF requests a trial by jury and submits the requisite fee. *Fed. R. Civ. Pro. 38.*

106.                                  J. Request for Disclosure

107.    PLAINTIFF requests that DEFENDANT disclose within 50 days of the service of this
        petition, the information or material described in *Rule 26 Fed. R. Civ. Pro.*

108.                                  K. Prayer

109.    For these reasons, PLAINTIFF asks that the Court issue citation for DEFENDANTS to
        appear and answer, and that PLAINTIFF be awarded a judgment against DEFENDANT
        for the following:

110.    A.   A license to practice law in the State of Texas.

111.    B.   The State of Texas abolish the Texas bar exam, permanent injunction, so that all
             Doctor of Jurisprudence recipients can serve the public as practicing Attorneys so
             long as all of the other state standards are met.

112.    C.   $ 220,932.00 as to the amount due on PLAINTIFFS student loan account including
             bar exam fees paid to DEFENDANTS.

113.    D.   $ 4,000,000,000.00 consequential damages.

114.    E.   $ 21,000,000,000.00 punitive damages.

115.    F.   Pre-Judgment and Post-Judgment interest.

116.    G.   Court Costs.

117.    H.   All other relief as to which PLAINTIFF is entitled.

118.                            L. Certification and Closing

119.    Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my
        knowledge, information, and belief that this complaint: (1) is not being presented for an
        improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the
        cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for
        extending, modifying, or reversing existing law; (3) the factual contentions have
        evidentiary support or, if specifically so identified, will likely have evidentiary support
        after a reasonable opportunity for further investigation or discovery; and (4) the complaint
        otherwise complies with the requirements of Rule 11.

                                            Travis Alford
                                            May 2024
                                            5900 Balcones Dr. STE 100
                                            Austin, Texas 78731

STATE OF TEXAS

COUNTY OF HARRIS


BEFORE ME, THE UNDERSIGNED AUTHORITY, on this day TRAVIS ALFORD personally appeared known to me to be the persons whose name is subscribed to the foregoing PLAINTIFFS COMPLAINT FOR A CIVIL CASE and acknowledged to me that he executed the same as his free act for the purposes therein expressed.


GIVEN UNDER MY HAND AND SEAL OF OFFICE May 3, 2024.

Notary Seal



ADINA AHRLETT
My Notary ID # 130274870
Expires June 25, 2027


Signature of Notary or Deputy County Clerk of Texas

My Commission Expires _____