United States District Court
Southern District of Texas

**ENTERED**

February 03, 2025

Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| TRAVIS ALFORD, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | No. 4:24-cv-1679 |
| | § | |
| STATE OF TEXAS, *et al.*, | § | |
| | § | |
| *Defendants.* | § | |
| | § | |
| | § | |

## <u>MEMORANDUM AND ORDER</u>

This is a constitutional rights and torts dispute. Before the Court are Defendant Texas Attorney General Ken Paxton's ("Attorney General") motion to dismiss Plaintiff Travis Alford's ("Plaintiff") Amended Complaint, ECF No. 20, Defendant Texas Board of Law Examiners' ("Board of Law Examiners," "Board" or "TBLE") motion to dismiss Plaintiff's Amended Complaint, ECF No. 21, Defendant Texas Governor Greg Abbott's ("Governor") motion to dismiss Plaintiff's Amended Complaint, ECF No. 22, Defendant State Bar of Texas's ("State Bar") motion to dismiss Plaintiff's Amended Complaint, ECF No. 29, and Plaintiff's leave to amend, ECF No. 37. Based on a thorough review of the briefing and applicable law, the Court determines it lacks subject matter jurisdiction over Plaintiff's claims due to sovereign immunity and that an amendment to add similarly barred claims would be

futile. Accordingly, Plaintiff's Amended Complaint is dismissed and leave to amend is denied.

## I.    BACKGROUND.

In July 2015, February 2016, July 2016, February 2017, and July 2017, Plaintiff Travis Alford took the Texas Bar Exam. ECF No. 17 ¶ 12. After each exam, Plaintiff was notified that he had failed and therefore would not receive a law license. *Id.* ¶ 13. Following Plaintiff's fifth attempt and failure at the exam, Plaintiff received a letter stating that he could not take the test again apart from a showing of good cause. *Id.* ¶ 14.

Plaintiff alleges that the "State of Texas by way of Governor Greg Abbott," "State of Texas by way of Texas Attorney General Ken Paxton," "State Bar of Texas by way of Trey Apffel," and Texas Board of Law Examiners (collectively "Defendants") created bar exam questions that do not test his readiness to practice law, causing his failure and, as a result, imminent and irreparable harm to Plaintiff's professional career. *Id.* at 1, ¶¶ 25, 29. Plaintiff further alleges that Defendants, by causing him to fail the bar, have interfered with Plaintiff's student loan contract with the United States Department of Education. *Id.* ¶ 33.

In his Amended Complaint, Plaintiff raises four claims: a First Amendment violation for unfair and partial redress of grievance in state court; a Fourth Amendment violation for unfair control of the legal licensing requirements in the

State of Texas; intentional interference with contract relations; and negligence. *Id.* ¶¶ 39-40, 61-62, 84, 103. Amongst various damages, Plaintiff requests injunctive relief, including entry of "an order that DEFENDANT STATE of Texas issue a law license to PLAINTIFF" and "a permanent injunction against DEFENDANT to stop administering the Texas Bar Exam in the future and abolish the states [sic] requirement of the exam." *Id.*  ¶¶ 56-57, 79-80, 98-99, 110, 114. In his motion for leave to amend, Plaintiff seeks to add claims for breach of contract and civil rights violations under 42 U.S.C. § 1983. ECF No. 37 at 1.

Defendants move to dismiss the case under Rule 12(b)(1) based on lack of standing and sovereign immunity,[1] and under Rule 12(b)(6). ECF Nos. 20-22, 29.

## II.    THE MOTION TO DISMISS STANDARD.

### A. Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a case for lack of subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). If a Rule 12(b)(1) motion is filed with other Rule 12 motions, the court considers the jurisdictional attack under Rule 12(b)(1) before addressing the merits. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

The burden of proof for a 12(b)(1) motion to dismiss is on the party asserting

---

[1] Because the issue of sovereign immunity is dispositive, the Court does not address the other grounds for dismissal.

3

jurisdiction, who must prove by a preponderance of the evidence that the court has jurisdiction based on the complaint and evidence. *Gilbert v. Donahoe*, 751 F.3d 303, 307 (5th Cir. 2014). A court can find that subject matter jurisdiction is lacking based on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Mitchell v. Bailey*, 982 F.3d 937, 940 (5th Cir. 2020) (quoting *Ballew v. Cont'l Airlines, Inc.*, 668 F.3d 777, 781 (5th Cir. 2012)). A *pro se* plaintiff's pleadings "'must be read in a liberal fashion,' and 'however [u]nartfully pleaded' must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Greenway v. Wilkie*, Civ. Action No. H-18-3776, 2018 WL 5921224, at *3 (S.D. Tex. Nov. 13, 2018) (quoting *Rodriguez v. Holmes*, 963 D.2s 799, 801 (5th Cir. 1992) (internal citation omitted)).

## III.   THE COURT LACKS SUBJECT MATTER JURISDICTION OVER ALFORD'S CLAIMS.

### A. Sovereign Immunity Bars Claims Against Defendants.

The Eleventh Amendment generally bars federal "suits against a state, a state agency, or a state official in his official capacity unless that state has waived its sovereign immunity or Congress has clearly abrogated it." *Corn v. Miss. Dep't of Pub. Safety*, 954 F.3d 268, 274 (5th Cir. 2020) (quoting *Bryant v. Tex. Dep't of Aging & Disability Servs.*, 781 F.3d 764, 769 (5th Cir. 2015)). The Plaintiff bears the burden

of showing a waiver of sovereign immunity. *See Freeman v. U.S.*, 556 F.3d 326, 334 (5th Cir. 2009).

### 1. Sovereign Immunity Bars Plaintiff's Claims Against the State of Texas.

#### a. Constitutional Claims.

Constitutional claims, such as Plaintiff's First and Fourteenth Amendment claims, are considered under 42 U.S.C. § 1983 because "a private right of action is needed to assert a constitutional claim." *Beckwith v. City of Houston*, 790 F. App'x 568, 576 (5th Cir. 2019) (per curiam); *see Lovings v. Monroe*, Civ. Action No. 6:19cv367, 2019 WL 5588891, at *2 (E.D. Tex. Sept. 24, 2019) ("42 U.S.C. § 1983…provides for a private right of action against any person who, acting under color of state law, deprives an individual of rights, privileges, or immunities secured by the Constitution…"). Congress has not abrogated states' sovereign immunity from suit for § 1983 claims. *Richardson v. Tex.*, No. 23-40526, 2024 WL 913380 at *4 (5th Cir. March 4, 2024) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984)). Nor has Plaintiff shown a waiver of sovereign immunity. Consequently, his claims against the state are barred by the Eleventh Amendment. *See id.* ("Congress has not abrogated states' sovereign immunity from suit for § 1983 claims…and Richardson does not address why or how Texas's sovereign immunity does not bar her § 1983 claim against it.").

### b. State Tort Claims.

In Texas, state tort claims are governed by the Texas Tort Claims Act ("TTCA"). The TTCA has a limited waiver of sovereign immunity, but it only applies in state court. *Sherwinski v. Peterson*, 98 F.3d 849, 851-52 (5th Cir. 1996). In any event, the TTCA does not apply to intentional torts, such as Plaintiff's intentional interference with contract relations claim. *St. Maron Properties, L.L.C. v. City of Houston*, 78 F.4th 754, 764 (5th Cir. 2023). Further, the TTCA's waiver for negligence claims does not apply to Plaintiff's negligence claim because it is limited to instances where the injury arises from "the operation or use of a motor-driven vehicle or motor-driven equipment; and…the employee would be personally liable to the claimant according to Texas law." TEX. CIV. PRAC. & REM. CODE ANN. § 101.021 (West 1985); *St. Maron Properties*, 78 F.4th at 764. Thus, Plaintiff's state tort claims against the state are barred by the Eleventh Amendment.

### 2. Sovereign Immunity Bars Plaintiff's Claims Against the Attorney General, Governor, and Trey Apffel.

The Eleventh Amendment applies to federal suits against state officials. *Corn*, 954 F.3d at 274. The Attorney General and Governor are state officials. *See Air Vac EMS, Inc. v. Tex., Dept. of Ins., Div. of Workers' Comp.*, 851 F.3d 507, 514 (5th Cir. 2017) (referring to governor and attorney general as "defendant state officials"). The State Bar Executive Director, Trey Apffel, likewise is a state official. *Ratcliff v. IndyMac Bank, F.S.B.*, Civ. Action No. 9:05CV70, 2005 WL 8160679 at *2 (E.D.

Tex. May 9, 2005) (citing *Green v. State Bar of Tex.*, 27 F.3d 1083, 1087-88 (5th Cir. 1994)) ("The Executive Director of the State Bar of Texas…is an official of the State of Texas and is entitled to absolute immunity from suit."). Plaintiff has neither pled a waiver of sovereign immunity nor shown these officials' consent to suit. Further, Plaintiff has not identified a federal statute abrogating the officials' immunity. The question is then whether the *Ex Parte Young* exception to sovereign immunity applies. *See* 209 U.S. 123, 157 (1908).

### *a.* The *Young* Exception does not apply.

The *Young* exception "allows private parties to bring 'suits for injunctive or declaratory relief against individual state officials acting in violation of federal law.'" *City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019) (quoting *Raj v. La. State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013)). It applies if the state official, "'by virtue of his office…ha[s] some connection with the enforcement of the [challenged] act.'" *Id.* (quoting *Young*, 209 U.S. at 157). In conducting the *Young* analysis, courts "first consider whether the plaintiff has named the proper defendant or defendants. Where a state actor or agency is statutorily tasked with enforcing the challenged law and a different official is the named defendant, our *Young* analysis ends." *Id.* at 998.

In his suit for injunctive and declaratory relief, Plaintiff has named, among others, these three officials as defendants. ECF No. 17 at 1; ¶¶ 55-57, 78-80, 97-99, 108-110. However, the state actors collectively statutorily tasked with enforcing

licensure requirements are the Texas Supreme Court and Board of Law Examiners. *See* TEX. GOV'T CODE ANN. § 82.021 (West 1987) ("Only the supreme court may issue licenses to practice law in this state…The power may not be delegated."); § 82.004(a)-(c) ("(a) The Board of Law Examiners, acting under instructions of the supreme court as provided by this chapter, shall determine the eligibility of candidates for examination for a license to practice law…(b)…shall examine each eligible candidate as to the candidate's qualifications to practice law…(c)…may not recommend any person for a license…unless the person has shown to the board, in the manner prescribed by the supreme court, that the person is of the moral character and of the capacity and attainment proper for that person to be licensed."). Thus, the *Young* analysis ends; Plaintiff is barred from suing these officials.

### *b.* Constitutional Claims.

As with the State, state officials acting in their official capacities[2] are immune from suit under § 1983 because they are not "persons" under the statute. *See Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989). Thus, Plaintiff's constitutional claims against the individual state officials are barred.

---

[2] Plaintiff's Amended Complaint does not specify whether Plaintiff is suing Defendants in their individual capacity, official capacity, or both. However, "to state a claim under section 1983 against individual defendants in their individual capacities, the plaintiff must allege either their personal involvement in the constitutional violation or that the individual defendants engaged in conduct that is causally connected to the alleged constitutional violations." *Ayala v. Houston Indep. Sch. Dist.*, 305 F. Supp. 3d 726, 731 (S.D. Tex. 2018). Plaintiff does not do so for any of the named officials. Rather, Plaintiff sues the "State of Texas" or the "State Bar of Texas" "by way of" these officials. ECF No. 17 at 1.

### *c.* **State Tort Claims.**

As with the State, there is no waiver for intentional torts by government actors. *St. Maron Properties*, 78 F.4th at 764.  Likewise, the waiver for negligence is limited to injuries caused by motor-driven vehicles or equipment. TEX. CIV. PRAC. & REM. CODE ANN. § 101.021. Thus, Plaintiff's state tort claims against the government officials are barred.

### 3. *Sovereign Immunity Bars Plaintiff's Claims Against the State Bar and Board of Law Examiners.*

The Eleventh Amendment applies to federal suits against state agencies and "other arms of the state." *Corn*, 954 F.3d at 273-74 (citing *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993)); *Richardson v. S. Univ.*, 118 F.3d 450, 452 (5th Cir. 1997). The Board of Law Examiners is a state agency entitled to sovereign immunity. *Block v. Tex. Bd. of L. Exam'rs*, 952 F.3d 613, 619 (5th Cir. 2020); *see also Simmang v. Tex. Bd. of L. Exam'rs*, 346 F. Supp. 2d 874, 881 (W.D. Tex. 2004) ("It is undisputed here that TBLE is an 'arm' of the State of Texas…As such, the Eleventh Amendment bars Plaintiff's suit against TBLE…"). Similarly, the State Bar is also an agency of the state. *Cantu v. Comm'n for Law. Discipline*, Civ. Action No. SA–17–CV–160–XR, 2017 WL 2415024 at *2 (W.D. Tex. June 1, 2017) (citing *Bishop v. State Bar of Tex.*, 791 F.2d 435, 438 (5th Cir. 1986)) ("It appears that all courts that have considered the issue, including the Fifth Circuit, have concluded that the State Bar and its committees and divisions are state agencies for

purposes of Eleventh Amendment immunity."). The *Young* exception does not apply to state agencies. *Bryant v. Tex. Dept. of Aging and Disability Servs.*, 781 F.3d 764, 769 (5th Cir. 2015) ("[T]he *Ex parte Young* exception on which Bryant relies does not apply to suits against state agencies; this narrow exception is limited to certain claims against state employees acting in their official capacities.").

Plaintiff has neither pled a waiver of sovereign immunity nor shown the TBLE or State Bar's consent to suit. Further, Plaintiff has not identified a federal statute abrogating the TBLE or State Bar's immunity. For these reasons, and because the *Young* exception does not apply to state agencies, Plaintiff is barred from suing these entities.

### a. Constitutional Claims.

The same analysis that applies to the State applies to these state agencies. *See Ross v. Tex. Educ. Agency*, 409 F. App'x 765, 768 (5th Cir. 1989) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979) for the proposition that states and their agencies are immune from suit under § 1983 because they are not "persons" under the statute).

### b. State Tort Claims.

The same analysis that applies to the State applies to these state agencies. There is no waiver for intentional torts by government actors, *St. Maron Properties*, 78 F.4th at 764, and the waiver for negligence is limited to injuries caused by motor-driven vehicles or equipment. TEX. CIV. PRAC. & REM. CODE ANN. § 101.021.

## IV.    PLAINTIFF'S MOTION TO AMEND IS DENIED.

Federal Rule of Civil Procedure 15(a) states that the "court should freely give leave [to amend] when justice so requires." FED. R. CIV. PROC. 15(a); *SGIC Strategic Glob. Inv. Cap., Inc. v. Burger King Europe GmbH*, 839 F.3d 422, 428 (5th Cir. 2016). But the "court may refuse leave to amend if the filing of the amended complaint would be futile, i.e., 'if the complaint as amended would be subject to dismissal.'" *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014) (citing *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 208 (5th Cir. 2009)). The applicability of sovereign immunity to an amended complaint makes it futile. *See Aldridge v. Miss. Dep't of Corrs.*, 990 F.3d 868, 878 (5th Cir. 2021) (citing *Varela*, 773 F.3d at 707) ("[G]ranting leave to amend would have been futile, because 'the complaint as amended would be subject to dismissal' on the basis of preemption and sovereign immunity."); *cf. McKinney v. Jackson*, Civil Action No. 23-6538, 2024 WL 1991576 at *6 (E.D. La. May 6, 2024) ("Because it appears that the joiner of USM would be futile because it is entitled to sovereign immunity, the Motion for Leave to Amend is DENIED.").

In his motion for leave, Plaintiff seeks to add § 1983 and breach of contract claims in a second amended complaint. However, as discussed above, sovereign immunity bars Plaintiff's § 1983 claims. Further, regarding breach of contract claims, "Texas courts have uniformly held that as a matter of law contract and quasi-

contract claims…are barred by sovereign immunity." *Jackson v. Tex. S. Univ.*, 997 F. Supp. 2d 613, 648 (S.D. Tex. 2014) (citing *Tex. Nat. Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 853 (Tex. 2002)); *Prairie View A&M Univ. v. Dickens*, 243 S.W.3d 732, 737 (Tex. Ct. App.—Houston 2007)). Thus, Plaintiff's amendment would be futile.

## V.    CONCLUSION

It is therefore **ORDERED** that Defendants' motions to dismiss, ECF Nos. 20-22, 29, are **GRANTED**, Plaintiff's leave to amend, ECF No. 37, is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

Signed at Houston, Texas, on February 3, 2025.

**Dena Hanovice Palermo**
**United States Magistrate Judge**